UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELMOND MARSHALL,

        Plaintiff,

v.

NICK GEORGE, *et al.*,

        Defendants.
        _____/

Case No. 1:20-cv-722

Hon. Robert J. Jonker

**ORDER VACATING THE COURT'S ORDER STRIKING COMPLAINT (ECF NO. 6), RE-INSTATING PLAINTIFF'S COMPLAINT (ECF NO. 1), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND THE COMPLAINT (ECF NO. 11), and TRANSFERRING VENUE**

This is a civil action brought by *pro se* plaintiff Delmond Marshall in the United States District Court for the Western District of Michigan ("Western District"). This matter has been referred to the undersigned to decide all non-dispositive motions pursuant to 28 U.S.C.§636(b)(1)(A). *See* Order (ECF No. 3). For the reasons set forth below, this case will be transferred to the United States District Court for the Eastern District of Michigan ("Eastern District").[1]

Plaintiff is a resident of Grand Blanc, which is located in Genesee County, Michigan. On August 3, 2020, plaintiff filed the present lawsuit claiming over $1 billion in damages. Plaintiff's claims arises from two incidents which occurred in Grand Blanc in 2016: (1)

---

[1] The transfer of venue is a non-dispositive matter. *See Carstens v. Michigan Department of Treasury*, No. 1:09-cv-664, 2009 WL 2581504 (W.D. Mich. Aug. 18, 2009). *See also, Horacek v. Heyns*, No. CIV.A. 14-13545, 2015 WL 799540 at *3, fn 1 (E.D. Mich. Feb. 25, 2015) ("motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should proceed by order rather than report and recommendation.").

1

on September 23, 2016, two individuals stole his power tools and marijuana plants; and (2) on October 7, 2016, Grand Blanc police officers illegally arrested him for being a drug dealer. *See* Complaint (ECF No. 1, PageID.2-3); Order (ECF No. 6, PageID.56).  From these two incidents, plaintiff produced a rambling email/complaint against 23 defendants: Nick George (owner of Nick George Properties); Joshua Warren; Unknown Party #1 (brother-in-law of Joshua Warren); Unknown Party #2 (his secretary Karen); Grand Blanc, City of; Grand Blanc Township Police Officers; Unknown Ryhs (Grand Blanc Township Police Officer); Brady Harner (Grand Blanc Township Police Officer); Jason Whittey (Detective); Marcus Ferguson (Sgt.); Ron Wiles (Chief of Police); Bill Delzer; Susan J. Soderstrom (Grand Blanc Mayor); United States Attorney's Office (Flint Branch); Michigan Department of Civil Rights (Detroit Service Center); Jarrett Smith (Civil Rights Investigator – Detroit Service Center); Matthew Schneider (U.S. Attorney's Office, Criminal Division); David Leyton (Genesee County Prosecutor's Office); William Duncan Schuette (former Michigan Attorney General); Ron D. Robinson (Michigan Attorney General Civil Rights Division Chief); Dan Kildee (U.S. Congressman 5th District - Flint Office); Dana Nessel (Michigan Attorney General); and, Gretchen Whitmer (Michigan Governor).

This Court struck the complaint because it failed to comply with Court rules and ordered plaintiff to file an amended complaint by October 1, 2020.  *See* Order (ECF No. 6). Plaintiff never filed the amended complaint. Since striking the complaint, it has come to the Court's attention that plaintiff previously filed a complaint in this Court based upon the 2016 incidents.  Specifically, on November 4, 2019, plaintiff filed *Delmond Marshall v. Nick George, et al.*, 1:19-cv-923 (W.D. Mich.) ("*Marshall I*").  In that lawsuit, plaintiff alleged the same two incidents, sued most of the defendants named in the present lawsuit ("*Marshall II*"), and also

2

claimed damages in excess of $1 billion.  Plaintiff and most of the named defendants in *Marshall I* resided within the geographic boundary of the Eastern District.  In fact, 20 of the named defendants in *Marshall I* did not reside within the geographic boundary of the Western District.  Accordingly, on December 6, 2019, this Court transferred *Marshall I* to the Eastern District pursuant to 28 U.S.C. § 1404. *See Marshall I* (R&R) (ECF No. 6); Order (ECF No. 7).

The Eastern District summarily dismissed *Marshall I* on May 28, 2020.  *See Delmond Marshall v. Nick George, et al.*, 2:19-cv-13604 (E.D. Mich.) (ECF No. 10) ("Order summarily dismissing action, denying motion for appointment of pro bono counsel [#6], denying motion to allow CNN cameras for trial if settlement is not reached [#7], denying motion to add others to lawsuit [#9] and enjoining plaintiff"). In dismissing that case pursuant to 28 U.S.C. § 1915(e)(2)(B), the Eastern District noted that plaintiff's complaint was similar to his previously dismissed complaints filed in 2017 and 2019, and that all three actions stemmed from plaintiff's contention that a burglary of his home occurred on September 23, 2016; and, that police officers and other governmental employees failed to adequately investigate the burglary; and that the officers and employees engaged in harassing conduct against him. *Id*.

A few months after the Eastern District disposed of *Marshall I*, plaintiff filed *Marshall II* in the Western District.  *Marshall II* is essentially a re-filing of *Marshall I* with the following changes: plaintiff dropped two defendants (unknown parties ("unknown conspirators") and the Grand Blanc Township Police Department); plaintiff added three defendants who were not involved in the 2016 incidents (Michigan Governor Whitmer, Michigan Attorney General Nessel, and Congressman Kildee); and plaintiff paid the filing fee.[2]  Upon review, it appears to the Court

---

[2] Plaintiff may have re-filed the lawsuit in the Western District because the Eastern District imposed restrictions on him for filing repetitive or vexatious lawsuits. *See Marshall*, 2:19-cv-13604 (ECF No. 10, PageID.165-166).

that like *Marshall I*, proper venue for *Marshall II* lies in the Eastern District. To remedy this situation, the Court will vacate its order striking the complaint, re-instate the complaint, and transfer venue to the Eastern District pursuant to 28 U.S.C. § 1404(a).

The Court is authorized to transfer venue *sua sponte*. *See Carver v. Knox County, Tennessee*, 887 F.2d 1287, 1291 (6th Cir. 1989) ("28 U.S.C. § 1404(a) does not require a motion; a district court may transfer a case sua sponte") (footnote omitted); *Flynn v. Greg Anthony Construction Co.*, 95 Fed. Appx. 726, 738 (6th Cir. 2003) (Congress has enacted statutes that give federal courts the power to transfer cases *sua sponte*, including 28 U.S.C. § 1404(a)). The Court will transfer venue of *Marshall II* for the same reasons as set forth in *Marshall I*, to-wit:

> . . . [E]ven if Plaintiff could bring the present action in this court, transfer of this matter to the Eastern District of Michigan is nevertheless necessary in the interests of justice. *See* 28 U.S.C. § 1404.
>
> Pursuant to § 1404, the Court may, in the interest of justice, transfer any civil action to any other district where it might have been brought. The Court may *sua sponte* transfer a matter pursuant to § 1404, even if the venue initially selected is permissible under 28 U.S.C. § 1391. *See, e.g., Tomlinson v. Holder*, 2011 WL 5330724 at *7 (E.D. Ky., Nov. 7, 2011) (citations omitted). While the Court is generally advised to provide the parties an opportunity to be heard before *sua sponte* transferring a matter on venue grounds, *see Anderson v. Wyant*, 2017 WL 5904347 at *1 (W.D. Mich., Nov. 30, 2017), such may not always be necessary. For example, in *Tomlinson*, the court, at the screening stage, prior to service on any defendant, transferred the matter *sua sponte* given that the factors justifying such so heavily weighed in favor of transfer. As discussed below, such is the case presently.
>
> When deciding whether to transfer a case under § 1404, the Court considers several factors including: the convenience of witnesses and parties, the location of relevant documents, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, and the interests of justice. *See Wyant*, 2017 WL 5904347 at *2.
>
> Consideration of these factors weighs heavily in favor of transfer. All of the facts giving rise to this action occurred in the Eastern District of Michigan. Of the 22 [now 23] defendants against whom this matter is asserted, at least 20 [now 19]

4

>reside in the Eastern District. As for the two [now four] Defendants who possibly reside in this district, Plaintiff's allegations are, at most, tangential to his primary claims. It is also not clear that this Court would be able to compel the attendance of unwilling non-party witnesses given this Court's distance from the locations where the events in question allegedly occurred. *See* Fed. R. Civ. P. 45(c). Finally, the Court finds that the interests of justice compel transfer of this matter.

*Marshall I*, 1:19-cv-923 (R&R) at PageID.75-76) (emphasis and footnote omitted).

Accordingly,

**IT IS ORDERED** that the Court's Order striking plaintiff's complaint (ECF No. 6) is **VACATED**, that plaintiff's complaint (ECF No. 1) is **RE-INSTATED**, and that plaintiff's motion for an extension of time to file an amended complaint (ECF No. 11) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter be **TRANSFERRED** to the United States District Court for the Eastern District of Michigan.

Dated:  October 28, 2020                                     /s/ Ray Kent
                                                             United States Magistrate Judge

5